NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3397
_____

JOHN C. PRIGGE,
                    Appellant
v.

SEARS HOLDING CORP.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-09-cv-00175)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
June 21, 2011
_____

Before: HARDIMAN, ALDISERT, Circuit Judges,
and RESTANI,* Judge.

(Filed: June 23, 2011 )

_____

OPINION OF THE COURT
_____

RESTANI, Judge.

_____

    * Honorable Jane A. Restani, Judge of the United States Court of International
Trade, sitting by designation.

John Prigge appeals the District Court's summary judgment on his employment discrimination claim under the Family and Medical Leave Act of 1993, the Americans with Disabilities Act, and the Pennsylvania Human Relations Act. For the following reasons, we will affirm the judgment of the District Court.

**I**

Because we write for the parties, we recount only the essential facts and procedural history, and we do so in the light most favorable to Prigge.

Prigge worked as a store coach for Sears Holding Corp. ("Sears") from April 2007 to February 2008. In 2002, Prigge was diagnosed as bipolar, but did not inform Sears of this fact before commencement of his employment. Sometime in December 2007, however, Prigge started to feel ill and missed at least two days of work in addition to leaving early on multiple occasions. Around this time, Prigge falsely explained to his supervisors that his prostate cancer had returned and that he was receiving radiation treatment.

On January 24, 2008, Prigge was admitted to the Horsham Clinic with symptoms of increased depression and suicidal thoughts. He was treated at the clinic for seven days and was released on January 30, 2008. Prigge contacted David Ikkala, his supervisor at Sears, on January 31, 2008, explaining that he was absent because he suffered from bipolar disorder and had recently been in the care of a mental health hospital. At that time, Ikkala told him that he would not be permitted to return to work until he provided

2

Sears with notes from both the Horsham Clinic and the physician treating his prostate cancer. On February 1, 2008, Prigge again spoke with Ikkala and expressed his view that requiring a note from his urologist was unnecessary because, contrary to his previous representation, he had not actually undergone prostate cancer treatment in December 2007 or January 2008. Ikkala, however, insisted that Prigge needed to provide a note from the urologist.

On February 7, 2008, Prigge obtained the two notes, informed Ikkala, and was instructed to return to work on February 11, 2008. Prigge returned to work on February 11, 2008, but was only permitted to work a half day because additional medical certifications were needed from his health care providers. At this time, Ikkala stressed the urgency of the situation and told Prigge to keep him updated. Between February 11, 2008, and February 26, 2008, Prigge spoke to Ikkala on the phone over a dozen times. Some time during that time period, however, Prigge received a warning letter from Sears dated February 16, 2008, informing him that he had thus far failed to provide physician releases to explain all of his unexcused absences, including dates before and after his hospital stay. On February 15, 2008, Sears received a medical certification from Prigge's urologist stating that Prigge did not currently suffer from a "serious health condition." Appellant's App. to Br. 143A. On February 21, 2008, Sears received a medical certification from the Horsham Clinic for the time period of January 24, 2008, to January 30, 2008. Nevertheless, on February 26, 2008, Ikkala terminated Prigge for failure to

supply Sears with medical certifications excusing him from all of his absences.

In January 2009, Prigged sued Sears in the District Court for the Eastern District of Pennsylvania, alleging discrimination and retaliation in violation of the Family Medical Leave Act, the Americans with Disabilities Act, and the Pennsylvania Human Rights Act. The District Court entered summary judgment against Prigge in July 2010, holding that he failed to demonstrate that Sears' legitimate, nondiscriminatory reasons for his termination were a pretext and that he failed to show that he engaged in a protected activity for the purposes of establishing a prima facie case of retaliation. This timely appeal, in which Prigge challenges only the District Court's ruling with respect to his discrimination claims, followed.[1]

## II

"We review the District Court's grant of summary judgment de novo" and "apply the same standard as the District Court." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010).

To defeat summary judgment on an employment discrimination claim, a plaintiff must show a genuine issue of material fact as to whether "the defendant's proffered reasons [for termination] were a pretext for discrimination." Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 522 (3d Cir. 1992). Prigge claims that such an

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.

4

issue exists because Sears provided "incoherent, implausible, untrue and inconsistent reasons as to why it terminated" him. Appellant's Br. 50. Specifically, Prigge argues that his termination was not legitimate because "Sears only requested that [he] provide Certifications addressing his hospitalization" and he did so. Appellant's Br. 46, 48. This claim lacks merit.

Although Prigge raises an issue of fact as to the amount of time he was absent in December 2007 and January 2008, he admits to missing at least two days of work and leaving early several times during that time period. Thus, the factual issue is not material. Prigge also admits to receiving and reading Sears' warning letter, dated February 16, 2008, which instructed him to "provide a physician release" for his unexcused absences, including these undisputed dates. Appellant's App. to Br. 153A. Finally, Prigge admits that he did not submit this required documentation to Sears. Thus, Prigge has not rebutted Sear's proffered legitimate reason for his termination—failure to provide all of the "certifications that were required"—because it was based, at least in part, on these absences. Appellant's App. to Br. 104A:20–25; see Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994) (stating that "to avoid summary judgment, the plaintiff's evidence rebutting the employer's proffered legitimate reasons must allow a factfinder reasonably to infer that each of the employer's proffered non-discriminatory reasons . . . was either a post hoc fabrication or otherwise did not actually motivate the employment action" (citations omitted)). Furthermore, Sears has stated that it would have also terminated

Prigge's employment for lying had it known at the time that he did not suffer from prostate cancer. Prigge's termination for this reason would have undoubtedly been legitimate, as he admits to having misrepresented his illness. Accordingly, we will affirm the judgment of the District Court.[2]

---

[2] Because we hold that Prigge failed to show that all of Sears' proffered legitimate reasons for his termination were a pretext, we need not consider whether he indeed established a prima facie case of discrimination.